# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANOTNIA MULLER, | ) | 1:13-cv-897 GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DISMISSING COMPLAINT** |
| v. | ) | **WITH LEAVE TO AMEND** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | (Doc. 1) |
| | ) | |

## I.  Introduction

Plaintiff, Anotnia Muller ("Plaintiff"), filed the instant action on June 13, 2013. (Doc. 1). Plaintiff appears to be challenging a denial of her applications for disability insurance benefits pursuant to Title II of the Social Security Act and/or Supplemental Income disability benefits pursuant to Title XIV of the Social Security Act.  As discussed below, Plaintiff's complaint will be dismissed because it fails to state a claim.  However, Plaintiff is granted leave to file an amended complaint.

///

///

1

II.     **Discussion**

     A.     <u>Screening Standard</u>

     Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *Fed. R. Civ. P*. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*.

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>See</u> *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), <u>citing</u> *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the *Plaintiff, Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor*, Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969).

B.      Plaintiff's Allegations

Plaintiff's complaint is unclear, however, it appears that she applied for disability benefits and that her applications were denied by an administrative law judge. She also appears to be requesting that this court review a decision made by "D.O.T" related to whether she is able to drive given various medications she is taking. (Doc. 1, pgs. 1-2). The complaint does not identify what the "D.O.T." is, but it appears Plaintiff may be erroneously referring to the Department of Transportation instead of the Department of Motor Vehicles.

C.      Analysis of Plaintiff's Claims

      **1.**    *Rule 8(a)*

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

As previously noted, it appears that Plaintiff is attempting to challenge a denial of her application for disability/social security benefits. However, other than stating that she is appealing a denial of her disability she has failed to identify with specificity how the Commissioner of Social Security erred when denying her application. Moreover, this Court only has jurisdiction to review a denial of disability/social security benefits under certain circumstances which is outlined in more detail below. Specifically, Plaintiff is advised that an individual must exhaust administrative remedies in order to challenge the denial of these benefits. Additionally, Plaintiff must establish that her complaint is timely filed. The Court will provide Plaintiff with

some information to help her determine if she is able to state a cognizable claim in this case.

### 2. *Limited Jurisdiction of Federal Courts*

Plaintiff appears to be requesting that the Court review a decision related to whether she is able to drive given the side effects of certain medications.  Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  It is unclear what agency Plaintiff is referring to in the complaint.  However, Plaintiff requests that the Court review all of the medications she is taking and then determine whether another agency's decision to restrict her driving was proper.  Plaintiff is advised that this Court does not have jurisdiction to review this decision.  Accordingly, any amended complaint should omit these claims.

### 3. *Plaintiff's Claims related to a Denial of Social Security Benefits*

Plaintiff also requests that the Court review a denial of her applications for disability insurance benefits pursuant to Title II of the Social Security Act and/or Supplemental Income disability benefits pursuant to Title XIV of the Social Security Act.  As previously noted, this Court has jurisdiction to adjudicate these claims.  However, in order to establish jurisdiction is proper, an individual must first establish that he or she has exhausted administrative remedies and completed the process outlined below.

First, once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909.  If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929.  If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council.  Any appeal to the Appeals Council must be filed within sixty days of the ALJ's

4

decision. 20 C.F.R. § 404.968.

Judicial review of the Appeals Council and other Social Security decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).

Accordingly, an appeal to the district court must be filed within sixty days after the mailing of the Appeals Council's decision. Section 405(g) and (h) operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day).

Therefore, in order to seek judicial review of a denial of Social Security benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. In this instance, it appears that Plaintiff had a hearing before an ALJ. However, the history of the administrative process is unclear. For example, Plaintiff has not provided the date the ALJ's decision, nor has she indicated whether an appeal was ever filed with the Appeals Council. Any amended complaint shall include these dates in order to establish that jurisdiction is

proper.

### 4. *Equitable Tolling*

In certain rare instances, the sixty day statute of limitations can be excused. For example, Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen*, 476 U.S. at 479-82. The Eighth Circuit, in *Turner v. Bowen*, explained that "[g]enerally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988). In *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481. Likewise, in *Vernon v. Heckler*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended. *Vernon*, 811 F.2d at 1275. In contrast however, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action. *Turner*, 862 F.2d at 709.

Plaintiff is advised that if she did not file this complaint within the sixty day period after receiving an adverse decision from the Appeals Council, she would need to establish facts similar to those outlined in the cases above in order to establish equitable tolling.

### 5. *Proper Defendant*

The Commissioner of Social Security, presently, Carolyn W. Colvin, is the proper defendant in an action challenging the denial of Social Security benefits. 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). 20 CFR 422.210(d) elaborates:

Proper defendant. Where any civil action described in paragraph (a) of this section is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.
20 CFR § 422.210

Plaintiff's complaint currently lists the Commissioner of Social Security, Michael Astrue. Plaintiff shall properly name Carolyn W. Colvin, the Commissioner of Social Security as the Defendant in any amended complaint.

### 5. *Leave to Amend Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint.  If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case and be labeled "First Amended Complaint."  If Plaintiff decides to file an amended complaint, she is reminded that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896 (9th Cir. 2012)(en banc), and it must be complete in itself without reference to the prior or superceded pleading." Local Rule 220.  Plaintiff shall consider the standards set forth in this order and only file an amended complaint if she believes her claim is cognizable.

///
///
///
///
///
///
///
///

**III.    Order**

Plaintiff shall file an amended complaint in accordance with the directives outlined in this order no later than **August 30, 2013.  Failure to file an amended complaint by the date specified will result in dismissal of this action.**

Finally, Plaintiff shall also consider whether she will consent the Magistrate Judge jurisdiction in this action.  The Clerk of the Court is directed to serve a copy of this order as well as a consent form on Plaintiff.  Plaintiff shall complete the form and return it to the Court with any amended complaint.

IT IS SO ORDERED.

Dated:   **July 8, 2013**                              /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE